UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

ESTHER KIOBEL, individually and
on behalf of her late husband,
DR. BARINEM KIOBEL, et. al.,

        Plaintiffs,

                              02-CV-7618(KMW)(HBP)

-against-                              ORDER

ROYAL DUTCH PETROLEUM COMPANY, and
SHELL TRANSPORT AND TRADING COMPANY,

        Defendants.

---------------------------------------X

WOOD, U.S.D.J.:

    Nigerian Plaintiffs bring a putative class action pursuant to the Alien Tort Claims Statute, 28 U.S.C. § 1350, against oil company Defendants. On March 18, 2003, Defendants moved to dismiss the Complaint on the grounds that: Plaintiffs' claims (1) are barred by the "act of state" doctrine; (2) are barred by the doctrine of international comity, and (3) fail to state claims on which relief can be granted. On July 3, 2003, Plaintiffs moved to certify their class. On March 11, 2004, Magistrate Judge Henry B. Pitman issued a Report and Recommendation (the "March 11 Report"), recommending that Defendants' motion to dismiss be denied in all respects. Defendants timely objected. On March 31, 2004, Magistrate Judge Pitman issued a Report (the "March 31

Report") and Recommendation recommending that the Plaintiffs' motion to certify a class be denied. Plaintiff's timely objected.

Subsequently, on May 17, 2004, the Plaintiffs filed an amended complaint ("Amended Complaint"). The Defendants filed a new motion to dismiss, and also a motion to strike the Amended Complaint. By Report and Recommendation dated August 17, 2005, Magistrate Judge Pitman, incorporating his analysis from the March 11 Report as to the motion to dismiss, recommended that both motions be denied.

Because Defendants object to the Magistrate Judge's recommendation that the motion to strike be denied, the Court reviews de novo that portion of the Report. See Fed. R. Civ. P. 72(b). The Court agrees with the Magistrate Judge that the motion to strike, on the ground that Plaintiffs were required to make a motion pursuant to Fed R. Civ. P. 21 in order to amend their complaint, should be denied because Fed. R. Civ. P. 15 applies to the Plaintiffs' changes. See August 17 Report at 5-7. The Court notes that, in any event, the Court would have granted a motion under Rule 21 to amend the complaint. The motion to strike is therefore denied.

Because the motion to strike is denied, the complaint filed on May 17, 2004 (Docket #69) states the relevant claims for this action; thus, the original motion to dismiss, filed March 18,

2003 (Docket # 7) is now moot. The Court will, however, consider March 11 Report recommending denial of that motion, and all the parties' briefing as to that Report, in considering the identical arguments raised in the July 15, 2005 Motion to Dismiss (Docket #93).

The motion to certify a class may be mooted by the filing of an amended complaint with different parties. If not, the filing of the amended complaint may alter the parties' arguments as to the motion to certify. The Court therefore directs the parties to inform the Court as to the effect of the amending of the complaint on that Motion.

Additionally, the Court has considered <u>de novo</u> that portion of the Report which declined to consider arguments under <u>Sosa v. Alvarez Machain</u>, 542 U.S. 692 (2004). The report concluded that such arguments were procedurally defective because they were raised for the first time in Defendants' reply brief. August 17 Report at 11, 14. However, <u>Sosa</u> was decided four weeks after Defendants' motion to dismiss was served, and the Defendants asked to file supplemental briefing of the issues raised by <u>Sosa</u>; the Magistrate Judge denied the request, stating that "If [the Court needs] more briefing after considering the currently filed submission, [the Court] will order it at that time." <u>See</u> Memo Endorsement dated August 20, 2004 of Rory O. Millson leter dated

August 16, 2004. The Court therefore concludes that the argument is not procedurally barred.

In any event, given the effect of Sosa on claims under the Alien Tort Statute, 28 U.S.C. § 1350, the Court would be remiss in declining to consider such arguments. The Court notes that whether or not plaintiffs state a claim for which relief can be granted under the ATS determines whether or not the Court has jurisdiction to hear them. See Sosa, 542 U.S. at 712-13. The Court has a continuing responsibility to determine (sua sponte if necessary) whether or not it has jurisdiction. See, e.g., World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co., 345 F.3d 154, 160 (2d Cir. 2003). Therefore the Court will consider the Sosa arguments. However, because the August 17 Report treated the objections as waived, and because the Kiobel plaintiffs did not brief the Sosa issues, the Court will welcome additional briefing on the subject.

In conclusion:

- The motion to dismiss, filed March 18, 2003 (Docket # 7), is dismissed as moot.
- The motion to strike, filed July 15, 2004 (Docket # 93), is hereby denied. The simultaneous motion to, in the alternative, dismiss the complaint is still pending.

- The parties are directed to inform the Court by January 20, 2006 whether the Motion to Certify is moot in light of the filing of the amended complaint, and if not, any implications that the amending of the complaint has on the recommendations in the March 31 Report.
- The Court will consider any supplemental briefing the parties wish to submit as to the impact of <u>Sosa v. Alvarez Machain</u>, 542 U.S. 692 (2004) on the motion to dismiss. The parties may cite to any decisions in any jurisdiction interpreting <u>Sosa</u> that they believe will be of assistance to the Court. Moreover, the parties may address the implications of <u>Sosa</u> for each of the counts in the Amended Complaint as well as any impact <u>Sosa</u> may have on claims under the Alien Tort Statute, 28 U.S.C. § 1350, based on theories of conspiracy or aiding and abetting generally. All briefing must be received by January 20, 2006.

SO ORDERED.

Dated: New York, New York
January 3, 2006

_Kimba M. Wood_

Kimba M. Wood
United States District Judge