```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ESTHER KIOBEL, et al.,             :

                    Plaintiffs,    :    02 Civ. 7618 (KMW) (HBP)

        -against-                  :           ORDER

ROYAL DUTCH PETROLEUM COMPANY,     :
et al.,
                                   :
                    Defendants.
                                   :
-----------------------------------X
```
WOOD, U.S.D.J.:

    Defendants in the above-captioned action, Kiobel v. Royal Dutch Petroleum Co., 02 Civ. 7618 ("Kiobel"), contend that Plaintiffs' responses to Defendants' first set of interrogatories merit sanctions because they fail to comply with Federal Rule of Civil Procedure ("Rule") 26(g); Defendants therefore move to strike Plaintiffs' interrogatory responses under Rule 26(g)(3) (Defendants' "Rule 26(g)(3) motion").[1]  Defendants also move to compel Plaintiffs, pursuant to Rule 37(a), to respond to Defendants' second set of interrogatories (Defendants' "Rule 37(a) motion").

    For the reasons below, the Court (1) DENIES Defendants' Rule

---

[1] Defendants also move, pursuant to Rule 37(c)(1), for the sanction of precluding Plaintiffs from identifying any further individuals with personal knowledge of Plaintiffs' allegations.  Plaintiffs, however, contend that they do not intend to identify any further individuals with personal knowledge.  Accordingly, the Court deems Defendants motion for Rule 37(c)(1) sanctions moot.  Should Plaintiffs later identify further individuals with personal knowledge, Defendants may re-file their motion for Rule 37(c)(1) sanctions.

26(g)(3) motion without prejudice, and with leave to refile after further development of the record, (D.E. 229); (2) limits, <u>sua sponte</u>, Defendants' second set of interrogatories pursuant to Rule 26(b)(2)(C); and (3) GRANTS in part and DENIES in part Defendants' Rule 37(a) motion, (D.E. 230).

**I.  Defendants' Rule 26(g)(3) Motion**

    **A.  Background**

The full background of <u>Kiobel</u> is provided in the Court's previous orders, familiarity with which is assumed.  This order provides only the background relevant to the motions this order decides.

        **1.  Defendants' First Set of Interrogatories**

Defendants' first set of interrogatories asked Plaintiffs for information regarding individuals with personal knowledge of Plaintiffs' allegations.

Plaintiffs responded.  Disputes regarding the sufficiency of Plaintiffs' responses ensued.  In particular, Defendants contended that Plaintiffs' responses did not state with sufficient clarity and specificity who had personal knowledge of what allegations.  Plaintiffs revised their responses (Plaintiffs' "revised interrogatory responses").  Defendants continued to contend that Plaintiffs' revised interrogatory responses were inadequate.

At a February 10, 2004 conference before Magistrate Judge

Pitman, Plaintiffs' counsel informed the Court that Plaintiffs' revised interrogatory responses stated that an individual had "knowledge" of an event only if the individual had directly perceived the event, and stated that an individual had "information" if the individual had what Plaintiffs believed was admissible testimony, but had not directly perceived the event. (See Conf. Tr. 34:9-18, Feb. 10, 2004.)  Plaintiffs' counsel also stated that they, rather than Plaintiffs themselves, had investigated the case and found the witnesses listed in Plaintiffs' revised interrogatory responses.  (See Conf. Tr. 37:15-19, Feb. 10, 2004.)

Magistrate Judge Pitman deemed sufficient Plaintiffs' revised interrogatory responses.  (See id. at 117:5 - 118:10.)

### 2. Defendants' Depositions of Individuals with Personal Knowledge

Following the conference before Magistrate Judge Pitman, Defendants deposed four of the individuals Plaintiffs' revised interrogatory responses listed as having personal knowledge (the "deponents").[2]

According to Defendants, these depositions reveal that two of the deponents, Lede Idamkue and Freddie Idamkue, lacked the

---

[2] Defendants, in their reply, discuss a fifth deponent.  However, because Plaintiffs have not had an opportunity to respond to Defendants' characterization of this fifth deponent's testimony, and because this fifth deponent's testimony would not change the Court's disposition of Defendants' Rule 26(g)(3) motion, the Court does not consider the fifth deponent here.

personal knowledge that Plaintiffs' revised interrogatory responses claimed they had.[3]  Defendants also contend that the deposition testimony of three of the deponents demonstrates that Plaintiffs' attorneys first spoke with the deponents <u>after</u> Plaintiffs filed interrogatory responses describing those deponents' personal knowledge.

**B.    Discussion**

Defendants have not yet established that the certification by Plaintiffs' counsel of Plaintiffs' revised interrogatory responses violated Rule 26(g).  Accordingly, the Court denies Defendants' Rule 26(g)(3) motion, without prejudice, and with leave to refile upon further development of the record.

---

[3] Specifically, the materials that the parties provided to the Court indicate that Lede Idamkue, in his deposition testimony, denied personal knowledge of the following subjects: (1) the Nigerian military's use of boats belonging to Shell Petroleum Development Corporation ("SPDC") for surveillance of and attacks on the Ogoni people; (2) written communications regarding Shell's role in attacks on the Ogoni people; (3) discussions between SPDC, the Nigerian military, and Ken Saro-Wiwa regarding problems in Ogoni; and (4) efforts by Ken Saro-Wiwa to negotiate a peaceful resolution to the Ogoni people's dispute with Defendants and SPDC.  Plaintiffs' interrogatory responses claimed Lede Idamkue had personal knowledge of all four subjects.
   In addition, the materials that the parties provided to the Court indicate that Freddie Idamkue, in his deposition testimony, denied personal knowledge of the Nigerian military's use of boats belonging to SPDC for surveillance of and attacks on the Ogoni people.  Plaintiffs' interrogatory responses claimed Freddie Idamkue had personal knowledge of this subject.
   Defendants contend that the deponents denied personal knowledge of additional subjects that Plaintiffs, in their interrogatory answers, had claimed that the deponents possessed (Defendants' "remaining contentions").  However, the deponents testified either to personal knowledge of these subjects or that they could not recollect whether they had personal knowledge of these subjects.  Accordingly, the Court does not find Defendants' remaining contentions persuasive.

4

### 1. Legal Standard

#### a. Rule 26(g)

Rule 26(g) requires that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name." Fed. R. Civ. P. 26(g)(1).

By signing a response to a discovery request, an attorney certifies that to the best of her "knowledge, information, and belief formed after a reasonable inquiry," the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case. Id.

An attorney's inquiry satisfies Rule 26(g) if her inquiry, including her investigation and her resulting conclusions, was objectively reasonable under the circumstances. Fed. R. Civ. P. 26(g) advisory committee's note. In making her inquiry, an attorney may rely, when appropriate, on representations by her client or by other attorneys. See id. Furthermore, "Rule 26(g) does **not** require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request." Id. (emphasis added).

Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by "explicitly encouraging the

5

imposition of sanctions." Fed. R. Civ. P. 26 advisory committee's note.  Pursuant to Rule 26(g)(3), if an attorney's certification violates Rule 26 without substantial justification, sanctions are mandatory.  Fed. R. Civ. P. 26(g)(3).  If a court determines that sanctions are appropriate, Rule 26(g) leaves the nature of the sanction to the court's discretion.  Fed. R. Civ. P. 26 advisory committee's note.

### b. Rule 33

Under Rule 33, a party can serve interrogatories relating to any subject about which Rule 26 allows discovery.  See Fed. R. Civ. P. 33(a)(1).  These interrogatories must be timely answered (and/or objected to) by the party to whom they are directed.  See id. at (b)(1)-(2).  Interrogatory answers must be given in writing and under oath.  See id. at (b)(3).  The party who answers the interrogatories must sign them.  See id. at (b)(5).

### 2. Application

Defendants move the Court to sanction Plaintiffs under Rule 26(g)(3). According to Defendants, (1) the inconsistencies between Plaintiffs' revised interrogatory responses and Lede and Frankie Idamkue's deposition testimony, and (2) three deponents' testimony that Plaintiffs' counsel did not communicate with these deponents until after Plaintiffs responded to Defendants' first set of interrogatories, demonstrates that Plaintiffs' counsel, in certifying Plaintiffs' revised interrogatory responses, violated Rule 26(g).  Defendants move the Court to strike all of

Plaintiffs' revised interrogatory responses.[4]

Plaintiffs concede that Lede and Freddie Idamkue lack some of the personal knowledge Plaintiffs' interrogatory responses claimed they had.  However, Plaintiffs argue that the sanction Defendants seek, striking all of Plaintiffs' interrogatory responses, is illogical and without basis in law.  Plaintiffs contend that the Court should therefore deny Defendants' Rule 26(g)(3) motion.

The Court requires further information to determine whether the certification of Plaintiffs' revised interrogatory responses by Plaintiffs' counsel warrants sanctions under Rule 26(g)(3). Accordingly, the Court (1) orders Plaintiffs' counsel to provide the Court and Defendants with an affidavit, as described further below; and (2) denies Defendants' Rule 26(g)(3) motion without prejudice, and with leave to refile after Plaintiffs' counsel have submitted their affidavit.

Ordinarily, an attorney who signs a client's interrogatory response certifies that she believes, after making a reasonable inquiry, that her client's response was made under oath, and was not unreasonable, intended to delay trial, or cause the opposing party unnecessary expense; she does not certify that the response

---

[4] Defendants also argue that striking only those portions of Plaintiffs' interrogatory answers that Defendants' depositions have proven to be inaccurate would "defeat a principal purpose of the interrogatories," which was to allow Defendants to use the scope of potential witnesses' personal knowledge to determine which individuals to depose.  Defendants therefore argue that all of Plaintiffs' interrogatory responses should be stricken. Plaintiffs do not contend that their revised interrogatory answers should be stricken only in part.  Therefore, the Court does not address this issue.

is accurate.  See Fed. R. Civ. P. 26(g) and accompanying advisory committee's note.  Under this ordinary scenario, the fact that the deponents' testimony did not comport precisely with Plaintiffs' revised interrogatory responses, which relates to the <u>accuracy</u> of Plaintiffs' responses, would not establish that Plaintiffs' counsel's <u>certification</u> of those interrogatory responses violated Rule 26(g).

However, Plaintiffs' counsel have stated on the record that they, not Plaintiffs, conducted the investigation that informed Plaintiffs' interrogatory responses.  At the same time, Defendants cite deposition testimony by individuals listed in Plaintiffs' revised interrogatory responses that suggests that Plaintiffs' counsel did not communicate with those individuals regarding the substance of their personal knowledge until <u>after</u> Plaintiffs had filed their revised interrogatory responses.  To the extent that Plaintiffs filed revised interrogatory responses stating the extent of an individual's personal knowledge when Plaintiffs' counsel had not yet communicated with that individual about the substance of his personal knowledge, any reasonable inquiry by Plaintiffs' counsel should have alerted Plaintiffs' counsel to the fact that Plaintiffs' revised interrogatory responses were unreasonable.  If so, Plaintiffs' counsel's certification of the interrogatory responses would violate Rule 26(g)(3).

Accordingly, Plaintiffs shall submit to Defendants and to

the Court an affidavit summarizing when and how Plaintiffs and/or their attorneys gathered the information provided in Plaintiffs' revised interrogatory responses.  To the extent that Plaintiffs contend that such information is subject to work product or attorney-client privilege protections, Plaintiffs may redact the allegedly protected portions from the version of the affidavit that Plaintiffs produce to Defendants and shall provide (1) a privilege log to Defendants and the Court pursuant to Rule 26(b)(5), and (2) an unredacted version of the affidavit to the Court for in camera review.[5]  They shall do so by July 31, 2009.

In the meantime, the Court denies Defendants' Rule 26(g)(3) motion for sanctions without prejudice and with leave to refile after Plaintiffs have submitted their affidavit.  If Defendants refile their Rule 26(g)(3) motion, the parties need not refile their memoranda of law regarding this motion; they may, however, file supplementary briefing as follows: Defendants may file a 4 page supplemental brief; Plaintiffs may file a 4 page supplemental opposition; and Defendants may file a 2 page supplemental reply, due as specified in the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York.

---

[5] Under Rule 26(g), an attorney need not disclose privileged communications or work product in order to show that her response was substantially justified. See Fed. R. Civ. P. 26(g) advisory committee's note.  Instead, any privileged or protected materials can be reviewed by the Court in camera.  See id.

**II. Defendants' Rule 37(a) Motion**

    **A.    Background**

        **1.   Defendants' Second Set of Interrogatories**

On April 28, 2004 Defendants filed a second set of interrogatories. Defendants' second set of interrogatories consisted of two interrogatories.

The first of these two interrogatories asked Plaintiffs to provide, for each of 193 statements made in Plaintiffs' revised interrogatory responses that described an individual's personal knowledge of a particular event, (1) Plaintiffs' counsel's sources for the statement; (2) when and by what means (e.g., telephone, email, in person meeting) Plaintiffs' counsel acquired their sources for the statement; (3) the location of any persons involved in providing Plaintiffs' counsel with information related to the statement; and (4) information regarding any documents, produced or unproduced, that were generated by informants who provided information related to the statement (Defendants' "personal knowledge interrogatory").

The second of these two interrogatories asked whether any plaintiff or any individual identified in relation to Defendants' personal knowledge interrogatory had ever received, or expected to receive, any payment from the law firm representing

Plaintiffs.[6]  If so, the interrogatory further asked, in regards to each payment or expected payment, for the payment's (1) date, (2) recipient, (3) amount, (4) means of payment, and (5) purpose (the "witness payments interrogatory").[7]

Plaintiffs objected to Defendants' second set of interrogatories.

### 2. Defendants' Opportunities to Discover Information Regarding Plaintiffs' Payments to Witnesses

On May 11, 2004 Defendants deposed a plaintiff who testified regarding payments Plaintiffs and Plaintiffs' counsel had made to Nigerian witnesses, whom Plaintiffs were housing in Benin (the "Benin witnesses").  On May 13, 2004, Magistrate Judge Pitman ordered Plaintiffs to produce to Defendants "all documents in their possession, custody or control concerning any payments, reimbursements or expenses or prepayment of expenses to or for the benefit of the witnesses to be deposed in Benin" (the "Pitman Order").  Plaintiffs produced documents related to Plaintiffs'

---

[6] Defendants had also sought written depositions from Plaintiffs' counsel regarding these questions, but Plaintiffs' obligation to respond to those depositions was stayed by Magistrate Judge Pitman on May 6, 2004.

[7] Defendants state that they issued their witness payment interrogatory after identifying a Nigerian individual, a former employee of SPDC, "who was offered money if he would agree to testify."  The Court notes that Defendants do <u>not</u> state that Plaintiffs or Plaintiffs' counsel made this offer.  Furthermore, Defendants do not state that the offer of payment was contingent on the substance of the witness's testimony; accordingly, even if the offer did come from Plaintiffs or Plaintiffs' counsel, there is nothing necessarily improper about this purported offer.  See <u>Prasad v. MML Investors Services, Inc.</u>, No. 04 Civ. 380, 2004 WL 1151735 at *5-6 (S.D.N.Y. May 24, 2004) (noting that, although there is a strong policy against a party paying its fact witnesses, some payments, particularly payments related to a witness' expenses or to compensate a witness for lost time, are proper).

and Plaintiffs' counsel's payments to the Benin witnesses.[8] Later that month, Defendants deposed the Benin witnesses.[9]

### B. Discussion

Because Defendants' second set of interrogatories are unduly burdensome and unnecessary, duplicative, or seek information Defendants' have had an ample opportunity to discover through other means, the Court limits Defendants' second set of interrogatories pursuant to Rule 26(b)(2)(C). Specifically, the Court strikes Defendants' personal knowledge interrogatory and limits Defendants' witness payment interrogatory. Accordingly, the Court grants Defendants' Rule 37(a) motion to compel in so far as the Court orders Plaintiffs to respond to Defendants' witness payment interrogatory, as limited by the Court below. Defendants' Rule 37(a) motion is denied in all other respects.

#### 1. Legal Standard

##### a. Rule 26(b)(2)(C)

According to Rule 26(b)(2)(C), on a motion by a party or sua sponte, a court must limit discovery if the court finds that (1)

---

[8] Plaintiffs redacted some of the documents that Plaintiffs produced to Defendants regarding Plaintiffs' payments to the Benin witnesses. Plaintiffs' redaction of these documents, and the Defendants' efforts to acquire unredacted versions of these documents, is addressed by other orders of this Court. (See, e.g., Order of March 3, 2009, D.E. 255.)

[9] Subsequent to deposing the Benin witnesses, Defendants filed a number of additional discovery requests related to Plaintiffs' payments to the Benin witnesses. The Court quashed these requests as untimely. (See Order of October 24, 2008, D.E. 203.) Defendants also moved to appoint a special master to investigate the Benin witness payments. (96 Civ. 8386 D.E. 175.) The Court affirmed Magistrate Judge Pitman's denial of Defendants' motion for a special master. (See Order of Oct. 10, 2006, 96 Civ. 8386 D.E. 205.)

the discovery sought is unreasonably duplicative or can be obtained from another, less burdensome, source; (2) if the party seeking the discovery has had ample opportunity to obtain the information, and/or (3) the burden and expense of responding to the discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  See Fed. R. Civ. P. 26(b)(2)(C).

### b. Rule 37(a)

Under Rule 37(a), a party may move a court to compel another party to respond to the moving party's discovery requests.  See Fed. R. Civ. P. 37(a).  A court should grant a Rule 37(a) motion to compel only after determining that the discovery sought is (1) relevant to any party's claim or defense, see Fed. R. Civ. P. 26(b)(1); (2) does not violate Rule 26(b)(2)(C), see Moore's Federal Practice and Procedure § 37.22[a],[d]; and (3) does not fall under work product or attorney-client privilege protections, see id. at §37.22[c].

### 2. Application

Defendants move the Court, pursuant to Rule 37(a), to compel Plaintiffs and Plaintiffs' counsel to respond to Defendants' second set of interrogatories.

Plaintiffs, in opposition, contend that the Court should not compel Plaintiffs or Plaintiffs' counsel to respond to

Defendants' second set of interrogatories because those interrogatories, <u>inter</u> <u>alia</u>, (1) exceed Rule 33(a)'s numerical limit on interrogatories; (2) request work product and information protected by attorney-client privilege; (3) are abusive because they would be costly and burdensome to respond to, but would provide little if any relevant information; and (4) are abusive because Defendants have had an opportunity to discover the information sought through other means.  Plaintiffs ask the Court to deny Defendants' Rule 37(a) motion in full, and to strike Defendants' second set of interrogatories.[10]

Defendants counter that (1) the second set of interrogatories complies with Rule 33's numerosity limits;[11] (2) the information Defendants seek is not work product or protected by attorney-client privilege because Defendants seek the underlying facts of communications by Plaintiffs' counsel, not

---

[10] Plaintiffs do not state on what basis they request that the Court strike Defendants' second set of interrogatories, nor do Plaintiffs actually move the Court to strike these interrogatories.  However, the Court can order the requested relief notwithstanding the fact that Plaintiffs did not so move.  As discussed above, pursuant to Rule 26(b)(2)(C), a court <u>must</u> limit discovery <u>sua</u> <u>sponte</u> if the court determines that the discovery meets any of the Rule 26(b)(2)(C) criteria.
  The Court notes that Plaintiffs also ask the Court to issue a protective order pursuant to Rule 26(c).  The Court's disposition of Defendants' Rule 37(a) motion below makes this request moot.  Accordingly, the Court does not address it here.

[11] Defendants argue, in the alternative, that because Rule 33's numerosity limits can be expanded by court order, and because the Court ordered Plaintiffs to respond to Defendants' second set of interrogatories, (<u>see</u> Order of October 24, 2008, D.E. 203), the Court <u>has</u> expanded Rule 33's numerosity limits to accommodate Defendants' second set of interrogatories.  Defendants are incorrect.  The Court ordered Plaintiffs to respond to Defendants' second set of interrogatories on the ground that these interrogatories were timely.  The Court has not yet considered, or decided, Plaintiffs' numerosity objection to these interrogatories.

14

the content of those communications; even if the information is protected, Defendants contend that the information is still discoverable because Defendants have demonstrated a substantial need for the information; (3) information about payments by Plaintiffs' counsel to witnesses is relevant to those witnesses' credibility, the credibility of Plaintiffs' claims, and to the fitness of Plaintiffs' counsel; and (4) Defendants have no other means to acquire the information they seek in their interrogatories because the Court has quashed or stricken as untimely Defendants' other discovery requests related to payments to the Benin witnesses, and because witnesses might not testify honestly about, or have full knowledge of, such payments.[12]

Pursuant to Rule 26(b)(2)(C), the Court (1) strikes Defendants' personal knowledge interrogatory, and (2) limits Defendants' witness payment interrogatory.  The Court also grants Defendants' Rule 37(a) motion insofar as the Court orders Plaintiffs to respond to Defendants' witness payment interrogatory, as limited by the Court below.  Defendants' Rule 37(a) motion is denied in all other respects.

      **a. Defendants' Personal Knowledge Interrogatory**

The Court concludes that the burden and expense of responding to Defendants' personal knowledge interrogatory

---

[12] Defendants' reply brief raises a number of additional arguments that are irrelevant to Defendants' Rule 37(a) motion to compel.  The Court does not address them here.

outweighs the likely benefit of responding.[13]  Defendants' personal knowledge interrogatory asks Plaintiffs to provide detailed information about Plaintiffs' sources for 193 statements contained in Plaintiffs' revised interrogatory responses. Without doubt, responding accurately and fully to this interrogatory would be both burdensome and expensive.

In addition, Defendants do not seek more accurate information about the substance of these individuals' personal knowledge; the questions seem designed solely to ascertain whether Plaintiffs had a basis for making the statements contained in their revised interrogatory responses.  The Court has already ordered Plaintiffs to provide the Court with an affidavit regarding when and how they learned of these individuals' personal knowledge.  To the extent that Plaintiffs' counsel unreasonably certified Plaintiffs' revised interrogatory responses, this will be addressed if Defendants choose to refile their Rule 26(g)(3) motion.  Accordingly, Plaintiffs' responses to Defendants' personal knowledge interrogatory will have little

---

[13] The Court notes that Defendants' personal knowledge interrogatory may well violate Rule 33's numerosity requirements as well.  Under Rule 33(a), a party may serve "no more than 25 written interrogatories, including all discrete subparts," on another party.  Fed. R. Civ. P. 33(a).  Parties cannot evade this numerosity limit by "joining as 'subparts' questions that seek information about discrete separate subjects."  Id. at advisory committee's note.  However, an interrogatory that inquires about a single type of communication should be treated as one interrogatory, even if the interrogatory requests that several facts about each such communication be listed separately.  See id.

The Court is doubtful that Defendants' personal knowledge interrogatory, which asks for detailed information about 193 separate statements, should be treated as one interrogatory.  However, the Court need not decide this issue because it strikes Defendants' personal knowledge interrogatory on other grounds.

16

or no added benefit.[14]

### b. Defendants' Witness Payment Interrogatory

Defendants' witness payment interrogatory is overbroad and duplicative.

### i. Payments to the Benin Witnesses

Defendants have had ample opportunity to obtain information regarding payments to the Benin witnesses through document production and Defendants' depositions of the Benin witnesses. As a result, the interrogatory regarding Plaintiffs' and Plaintiffs' counsel's payments to the Benin witnesses is unreasonably duplicative.

### ii. Payments to Witnesses other than the Benin Witnesses

To the extent that Defendants' interrogatory seeks information regarding Plaintiffs' or Plaintiffs' counsel's payments to witnesses other than the Benin witnesses, the Court finds Defendants' interrogatory overbroad and unduly burdensome. In particular, Defendants' request that Plaintiffs identify all individuals who may <u>expect</u> to receive any payment from Plaintiffs' counsel, regardless of <u>whether or not Plaintiffs or Plaintiffs' counsel offered those individuals any payment</u>, is

---

[14] The Court notes that the factors a court is to consider in determining whether the burden and expense of discovery outweighs its benefits further support striking Defendants' personal knowledge interrogatory. Although the amount in controversy may be large, and the issues at stake are important, Plaintiffs have limited resources and, most importantly, Plaintiffs' responses to this interrogatory would do nothing to further the resolution of the issues involved in this lawsuit.

extremely burdensome and borders on vexatious.

Accordingly, the Court limits Defendants' interrogatory regarding payments to witnesses as follows: Plaintiffs' response need only provide to Defendants information regarding any payments that Plaintiffs or Plaintiffs' counsel offered to any witness other than a Benin witness.[15]  To the extent that any such offers of payments were made, Plaintiffs shall provide to Defendants, for each offer of payment made, (1) the identity of the person to whom the offer of payment was made; (2) the amount of payment that was offered; (3) the purpose(s) of the payment that was offered; (4) the date(s) on which those payments were offered; and (5) to the extent that any offered payment was paid to a witness, (a) the amount, and (b) the date(s), of the payment to the witness.  Plaintiffs shall do so by July 31, 2009.

### 3. Conclusion

The Court, pursuant to Rule 26(b)(2)(C), strikes Defendants' personal knowledge interrogatory and limits Defendants' witness payment interrogatory.  The Court grants Defendants' Rule 37(a) motion in regards to Defendants' witness payment interrogatory, as limited by the Court above; the Court denies Defendants' Rule 37(a) motion in all other respects.

---

[15] The Court clarifies that Plaintiffs' response should include information regarding payments to witnesses offered by individuals working for Plaintiffs' or Plaintiffs' counsel, insofar as those offers were made at Plaintiffs' or Plaintiffs' counsel's behest.

18

19

### III. Conclusion

For the reasons stated above, the Court (1) DENIES, without prejudice and with leave to refile, Defendants' Rule 26(g)(3) motion for sanctions, (D.E. 229); and (2) GRANTS in part and DENIES in part Defendants' Rule 37(a) motion to compel, (D.E. 230).

As described above, Plaintiffs' counsel shall submit their affidavit, and Plaintiffs shall submit their response to Defendants' witness payment interrogatory, by July 31, 2009. Defendants may refile their Rule 26(g)(3) motion thereafter, but no later than August 14, 2009.

SO ORDERED.

Dated:   New York, New York
         June 25 2009

_____
Kimba M. Wood
United States District Judge

19