UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ESTHER KIOBEL, et al.,                :

                    Plaintiffs,       :      02 Civ. 7618 (KMW) (HBP)

         -against-                    :           OPINION AND ORDER

ROYAL DUTCH PETROLEUM COMPANY,        :
et al.,
                                      :
                    Defendants.
                                      :
------------------------------------X
WOOD, U.S.D.J.:

     This action is the last remaining in a set of four related

actions involving allegations of human rights violations in

Nigeria in the 1990s by various Royal Dutch/Shell entities.[1]

     Currently before the Court is Plaintiffs' motion for

reconsideration, pursuant to Local Rule 6.3, of the Court's March

4, 2008 Order, Kiobel v. Royal Dutch Petroleum Co., No. 02 Civ.

7618, 2008 WL 591869 (S.D.N.Y. March 4, 2008), dismissing

Defendant Shell Petroleum Development Company of Nigeria ("SPDC"

or "Defendant") from the action for lack of personal

jurisdiction.

     On June 3, 2009, the Second Circuit issued a Summary Order

_____

     [1] The related actions, Wiwa v. Royal Dutch Petroleum Co.,
No. 96 Civ. 8386 ("Wiwa I"); Wiwa v. Brian Anderson, No. 01 Civ.
1909 ("Wiwa II"); and Wiwa v. Shell Petroleum Development Corp.,
No. 04 Civ. 2665 ("Wiwa III"), settled on June 8, 2009.

vacating the Court's decision in an appeal brought by plaintiffs
in one of the related actions where SPDC was also named as a
defendant.  Wiwa v. Shell Petroleum Development Corp., No. 08
Civ. 1803, 2009 WL 1560197 (2d Cir. June 3, 2009).

     For the reasons discussed below, the Court GRANTS
Plaintiffs' motion for reconsideration.  Upon reconsideration,
the Court denies Defendant's motion to dismiss for lack of
personal jurisdiction without prejudice, and grants leave to re-
file at the conclusion of limited jurisdictional discovery.

**BACKGROUND**

     The facts and underlying procedural history of this case are
set forth in the Court's prior orders, familiarity with which is
assumed.  They are summarized here only to the extent they are
relevant.

     Plaintiffs filed this putative class action on September 30,
2002 (the "Kiobel action"), which was consolidated for discovery
and other pre-trial purposes with the prior related Wiwa
actions.[2]  On April 6, 2004, Wiwa Plaintiffs commenced a separate
action against SPDC ("Wiwa III"), and on May 17, 2004 Kiobel

---

     [2] In Wiwa, Royal Dutch Petroleum Company and Shell Transport
and Trading Company were named as defendants in Wiwa I, and Brian
Anderson, a senior SPDC executive, was named as a defendant in a
separate action, Wiwa II.  When the Kiobel Plaintiffs brought
this action, they named both Royal Dutch/Shell and Brian Anderson
as defendants in a single action.

Plaintiffs added SPDC as a defendant in this action.[3]  SPDC is a

foreign corporation, organized under the laws of Nigeria,

primarily engaged in the exploration, production, and sale of

Nigerian oil and natural gas.  See Kiobel, 2008 WL 591869 at *1.

In November 2004, Defendant SPDC filed, in both actions, a motion

to dismiss for lack of personal jurisdiction and a motion to

preclude any further jurisdictional discovery.[4]

     In its March 8, 2008 Order, the Court granted SPDC's motion.

The Court found that Plaintiffs failed "to establish a prima

facie case of sufficient minimum contacts" with the forum - here

the United States - for the Court to exercise jurisdiction over

SPDC.  2008 WL 591869 at *10.  The Court also found that

Plaintiffs' jurisdictional allegations were "too vague and

conclusory" to warrant further jurisdictional discovery.  Id.  In

making these findings, the Court relied on the fact that

Plaintiffs "[had] access to the extensive discovery taken in

connection with the prior related actions, including discovery

from SPDC."  Id. at *2.

_____

  [3] As the Second Circuit noted in its Summary Order, the
original deadline for new discovery requests in Wiwa I, Wiwa II,
and Kiobel was May 31, 2004, and was extended for limited matters
to July 19, 2004 - only a short time after SPDC had been named a
defendant in Wiwa III and Kiobel.

  [4]  On September 6, 2007, this Court withdrew the reference
to Magistrate Judge Pitman with respect to the motion to dismiss.

On April 16, 2008, the Wiwa III Plaintiffs appealed the Court's March 4, 2008 Order.  The March 4, 2008 Order was a final ruling in Wiwa III (as it dismissed the sole defendant), but the Order dismissing SPDC from the Kiobel Amended Complaint was not a final ruling, and, therefore, was not ripe for appeal.

On June 3, 2009, the Second Circuit vacated this Court's March 4, 2008 Order.  The Second Circuit concluded that it was "clear error" for this Court to find that "discovery conducted in the related actions encompassed the issue of personal jurisdiction over SPDC."[5]  2009 WL 1560197 at *2.  As a result, this Court erred when it required Plaintiffs to "include an averment of facts" to support its prima facie case of jurisdiction - the standard courts apply only after discovery has been conducted.  See infra Section II.A.3.  Plaintiffs also submitted, in their motion to supplement the record on appeal, several documents obtained in discovery after the Court's decision on SPDC's motion to dismiss (the "newly produced documents") that Plaintiffs contend further support their jurisdictional allegations.[6]

---

[5] On appeal, Wiwa III Plaintiffs argued that discovery in the related actions was focused on SPDC's conduct in Nigeria, and its relationship to Royal Dutch/Shell, not on personal jurisdiction in the United States over SPDC.

[6] These documents were produced by Defendants in response to the Court's November 6, 2008 Order, ordering Defendants to comply

On remand, in <u>Wiwa III</u>, this Court was instructed to consider the relevance of the documents at issue, and to decide:

> [W]hether continuing discovery in the related cases has now been sufficient [1] for [plaintiffs] to adequately allege personal jurisdiction over SPDC, [2] to show that [plaintiffs] are sufficiently unlikely to be able to establish jurisdiction, so as to justify dismissal once more or [3] to allow further jurisdictional discovery.

<u>Id.</u> at *3.  On June 8, 2009, five days later, the three <u>Wiwa</u> actions settled.

<u>Kiobel</u> Plaintiffs now move for reconsideration of the Court's March 8, 2008 Order, which also dismissed SPDC as a defendant from the <u>Kiobel</u> Amended Complaint for lack of personal jurisdiction.

**DISCUSSION**

I.   <u>Motion to Reconsider the Court's March 4, 2008 Order</u>

   A.   <u>Legal Standard</u>

The standard for a motion for reconsideration pursuant to Local Civil Rule 6.3 is strict.  A court will deny reconsideration unless the moving party can establish:  (1) that the court overlooked controlling decisions or data; (2) that

---

with certain outstanding discovery requests related to <u>Wiwa</u> Plaintiffs' allegations of RICO subject matter jurisdiction.

   On March 26, 2009, the Court dismissed the RICO claims in <u>Wiwa</u>, finding that Plaintiffs could not allege sufficient effects in the United States - primarily in regards to the shipment of SPDC-produced oil to the United States market - to justify the Act's extraterritorial application.  The <u>Kiobel</u> Plaintiffs made no RICO claims.

there has been a change in controlling law; (3) that new evidence
has become available; or (4) that reconsideration is necessary to
correct a clear error or prevent manifest injustice.  <u>Shrader v.</u>
<u>CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

 B. <u>Application</u>

 The Court concludes that the Second Circuit's June 3, 2009
Summary Order, which vacated the Court's March 4, 2008 Order
dismissing <u>Wiwa III</u>, is a "change in controlling law" that
warrants reconsideration of the Court's (same) March 4, 2008
Order dismissing the <u>Kiobel</u> claims against SPDC.  The Second
Circuit's reasoning applies, with equal force, to this action.

 The Second Circuit found that this Court committed clear
error in finding that the prior related discovery <u>included</u> the
relevant jurisdiction discovery with respect to SPDC.  As a
result, this Court applied the wrong standard on SPDC's motion to
dismiss for lack of personal jurisdiction.  The Court is also
persuaded that this error impacted the Court's decision to
preclude any further jurisdictional discovery.  That decision
assumed that it was unlikely Plaintiffs could, given the prior
related discovery, uncover additional facts necessary to sustain
jurisdiction.  <u>See</u> <u>Kiobel</u>, 2008 WL 591869 at *10 (noting the
"extensive discovery against all Defendants, including SPDC, in
these and their related cases over the past ten years").

6

Therefore, the Court grants Plaintiffs' motion for reconsideration of the Court's March 4, 2008 Order dismissing SPDC as a defendant for lack of personal jurisdiction.

II.   <u>Reconsidering the Court's March 4, 2008 Order</u>

As the Second Circuit explained in its <u>Wiwa III</u> decision, this Court could find, on remand, that in light of continuing discovery in the related actions (1) plaintiffs can adequately allege personal jurisdiction over SPDC, (2) plaintiffs are sufficiently unlikely to be able to establish jurisdiction (so as to justify dismissal), or (3) further jurisdictional discovery is warranted.  <u>Id.</u> at *3.  As set forth below, the Court concludes that the most appropriate course is to permit further limited jurisdictional discovery with respect to SPDC.  Once discovery has been completed, the Court will be in a position to consider, with the benefit of a more complete evidentiary record, any renewed motion to dismiss filed by SPDC for lack of personal jurisdiction.

A.   <u>Applicable Law</u>

1.   <u>Rule 4(k)(2) jurisdictional analysis</u>

To establish personal jurisdiction over a defendant pursuant to Federal Rule of Civil Procedure 4(k)(2), a plaintiff must show that (1) the plaintiff's cause of action arises under federal law, (2) the defendant is not subject to the jurisdiction of any

one state, and (3) the exercise of personal jurisdiction over the

defendant is consistent with the requirement of due process.

Porina v. Marward Shipping Co., Ltd., 521 F.3d 122, 127 (2d Cir.

2008); Daventree Limited v. Republic of Azerbaijan, 349 F. Supp.

2d 736, 760 (S.D.N.Y. 2004) ("Rule 4(k)(2) is designed to fill a

gap in the enforcement of federal law . . . over defendants

having sufficient contacts with the United States [as a whole] .

. . but having insufficient contact with any single state to

support jurisdiction under state long-arm legislation." (quoting

Fed. R. Civ. P. 4(k)(2), adv. comm. note (1993))).  Because the

first two elements of the Rule 4(k)(2) analysis are not in

dispute, the existence of personal jurisdiction will turn on

whether the exercise of personal jurisdiction is consistent with

the requirement of due process.

        2.   Due process inquiry

     The due process inquiry for personal jurisdiction has two

related components:  the "minimum contacts" test and the

"reasonableness" test.   Metropolitan Life Ins. Co. v. Robertson-

Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).  First, a court must

determine whether the defendant has sufficient minimum contacts

with the forum to justify the exercise of personal jurisdiction.

Porina, 521 F.3d at 127.  Where, as here, a plaintiff relies on

the court's general jurisdiction, he must demonstrate that the

defendant has maintained "continuous and systematic general

business contacts" with the United States.[7]  Metropolitan Life,

84 F.3d at 568-69 (quoting Helicopteros Nacionales de Colombia,

S.A. v. Hall, 466 U.S. 408, 416 (1984)).  The relevant time

period for this inquiry is "a period that is reasonable under the

circumstances - up to and including the date the suit was filed."

Id.; see Daventree, 349 F. Supp. at 765.

If a plaintiff is able to demonstrate the requisite minimum

contacts, courts then ask whether the assertion of jurisdiction

comports with "traditional notions of fair play and substantial

justice," i.e., whether it is "reasonable under the

circumstances" of the particular case.  Metropolitan Life, 84

F.3d at 568.

### 3.    Jurisdictional allegations

On a Rule 12(b)(2) motion to dismiss for lack of personal

jurisdiction, the plaintiff bears the burden of showing that the

court has jurisdiction over the defendant.  Metropolitan Life, 84

F.3d at 566.  A plaintiff's burden, however, "varies with the

procedural posture of the case."  Daventree, 349 F. Supp. 2d at

757.  Prior to discovery, a plaintiff can defeat a Rule 12(b)(2)

---

[7] The existence of general jurisdiction over a defendant
demands the application of this "more stringent minimum contacts
test than that applicable to specific jurisdiction."
Metropolitan Life, 84 F.3d at 568.

motion to dismiss by pleading "good faith, legally sufficient

allegations of jurisdiction, <u>i.e.</u>, by making a <u>prima facie</u>

showing of jurisdiction."  <u>Jazini v. Nissan Motor Co.</u>, 148 F.3d

181, 184 (2d Cir. 1998) (internal quotations marks and citations

omitted).   After discovery, a plaintiff's <u>prima facie</u> showing

must be factually supported, that is, it must "include an

averment of facts that, if credited by [the ultimate trier of

fact], would suffice to establish jurisdiction over the

defendant."[8]  <u>Metropolitan Life</u>, 84 F.3d at 567 (alteration in

original) (quoting <u>Ball v. Metallurgie</u>, 902 F.2d 194, 197 (2d

Cir. 1990)).

       4.   <u>Possibility of further jurisdictional discovery</u>

<u>     </u>"It is within a district court's discretion to determine

whether a plaintiff is entitled to conduct jurisdictional

discovery and to 'devis[e] the procedures [to] ferret out the

facts pertinent to jurisdiction.'"  <u>Daventree</u>, 349 F. Supp. 2d at

761 (alteration on original) (quoting <u>APWU v. Potter</u>, 343 F.3d

619, 627 (2d Cir. 2003)).

Such discovery may be authorized where a plaintiff has made

"a threshold showing that there is some basis for the assertion

_____

   [8] Where a defendant contests the plaintiff's factual
allegations, an evidentiary hearing is required, at which point a
plaintiff must prove the existence of jurisdiction by a
<u>preponderance</u> of the evidence.  <u>Metropolitan Life</u>, 84 F.3d at
567; <u>Ball</u>, 902 F.2d at 197 & n.3.

of jurisdiction." <u>Daval Steel Prods. v. M.V. Jurac Dalmatinac</u>,

718 F. Supp. 159, 162 (S.D.N.Y. 1989); <u>see</u> <u>Strategem Dev. Corp.</u>

<u>v. Heron Int'l, N.V.</u>, 153 F.R.D. 535, 547-48 (S.D.N.Y. 1994)

(authorizing jurisdictional discovery where plaintiff made a

"sufficient start" toward establishing jurisdiction); <u>see also</u>

<u>Ayyash v. Bank Al-Madina</u>, No. 04 CV 9201, 2006 WL 587342, at *6

(S.D.N.Y. Mar. 9, 2006).   The Second Circuit has explained that

jurisdictional discovery in such cases is appropriate even in the

absence of a <u>prima</u> <u>facie</u> showing as to the existence of

jurisdiction.   <u>In re Magnetic Audiotape Antitrust Litig.</u>, 334

F.3d 204, 207-08 (2d Cir. 2003) (per curium); <u>see</u> <u>Ehrenfeld v.</u>

<u>Mahfouz</u>, 489 F.3d 542, 550 n.6 (2d Cir. 2007) (stating that it

would be "legal error" for a district court to "forbid[]

jurisdictional discovery any time a plaintiff does not make a

prima facie showing of jurisdiction").

     A court, however, is not required to subject a foreign

corporation to discovery where the allegations fail to state a

basis for the exercise of jurisdiction, or where a plaintiff's

proposed discovery, even if permitted, would not uncover facts

sufficient to sustain jurisdiction.   <u>Jazini</u>, 148 F.3d at 185-86.

     B.   <u>Application</u>

     On reconsideration, Plaintiffs ask the Court to find that

they have established a <u>prima</u> <u>facie</u> case of jurisdiction over

11

SPDC, or, in the alternative, that further jurisdictional discovery is warranted.  Defendant responds, arguing that (1) Plaintiffs' allegations, even if construed under the pre-discovery standard, do not support a prime facie case of jurisdiction over SPDC, and (2) subsequent discovery in the related actions adds nothing new to the jurisdictional inquiry to warrant further jurisdictional discovery.

For the reasons stated below, the Court exercises its discretion to order further limited jurisdictional discovery with respect to SPDC's contacts with the United States.  At the conclusion of this discovery, the Court will consider, on a more complete evidentiary record, the question of personal jurisdiction over SPDC.

>    1.    Plaintiffs' jurisdictional allegations and the
>          need for further jurisdictional discovery

Plaintiffs identify roughly six categories of general business contacts between SPDC and the United States:  (1) approximately 50% of SPDC's oil production was imported into the United States between January 1990 and June 1996 (i.e., 3.5 million barrels of crude oil each month), and Shell International Trading Company ("SITCO"), a separate Shell entity, acted as SPDC's agent in doing so; (2) SPDC targeted the U.S. with a public relations campaign relating to SPDC's operations in Nigeria; (3) SPDC recruited employees in the U.S. through another

Shell entity, Shell People Services ("SPS"); (4) SPDC employees

came to the U.S. for training, and to attend seminars and

conferences; (5) SPDC entered into contracts for services in the

U.S., including the construction of a barge in New Orleans for

use in Nigeria; and (6) SPDC partnered on projects with, and

received financial assistance from, the United States Agency for

International Development ("USAID").[9]

    a. SPDC's Alleged Sales of Oil in the U.S.

 Plaintiffs' primary jurisdictional allegations, both here

and in prior briefing, concern the shipment of SPDC-produced

crude oil to the United States, and SPDC's relationship with

SITCO, the importing entity.

 In its March 4, 2008 Order, this Court found that the fact

that a substantial quantity of "crude oil and natural gas

produced by SPDC in Nigeria [was] eventually sold on the United

States market by third-party entities other than SPDC" did not

establish the sort of "systematic" and "continuous" business

contacts with the United States necessary to exercise general

jurisdiction over SPDC.  2008 WL 591869 at *6 (emphasis in

original).  The Court also found that Plaintiffs failed to allege

sufficient facts to establish an "agency" relationship between

_____

 [9] These allegations are described in greater detail in the
Court's March 4, 2008 Order.  See 2008 WL 591869 at *4-6.

SPDC and SITCO, such that SITCO's contacts with the forum could be imputed to SPDC for jurisdictional purposes.[10]  Id. at *7.

In this motion for reconsideration, Plaintiffs cite several newly produced documents, which identify SPDC as the "shipper" or "consignor" of crude oil destined for the United States, and SITCO as the "consignee" of these shipments.  Plaintiffs contend that these shipping records support the proposition that SPDC lent or entrusted oil to SITCO to be sold in the United States "on behalf" of SPDC.

The Court continues to believe that the facts alleged by Plaintiffs appear insufficient for a court to attribute SITCO's sales of oil to SPDC for jurisdictional purposes.[11]  There is substantial evidence in the record to support Defendant's contention that SITCO acted merely as a distributor of SPDC-produced oil in the United States.  (See Def's Mem. Opp. 15-16; Moskowitz Decl. Ex. 6.)  The Court, however, is persuaded that Plaintiffs have made at least a "threshold showing" of a

---

[10] Plaintiffs alleged, inter alia, that SITCO is referred to in internal documents as an "affiliate" of SPDC, and that SITCO operated at a loss in its dealings with SPDC.  Id. at *7.

[11] The Court does not address whether Plaintiffs' allegations satisfy the "pre-discovery" standard for a Rule 12(b)(2) motion, because at least some discovery related to the jurisdictional question has taken place.  The Court will, instead, consider the jurisdictional question after jurisdictional discovery has been completed.

jurisdictional basis over SPDC with respect to the sale of SPDC

oil in the United States, and SPDC's relationship with SITCO.

Plaintiffs should, therefore, be afforded the opportunity to

"secure and present evidence relevant to the existence of

jurisdiction" on this ground.  APWU v. Potter, 343 F.3d at 627;

see In re Magnetic Auduitape, 334 F.3d at 208 (stating that

inquiry concerning allegations of general jurisdiction based on

agency relationship "involves a multi-factor test that is very

fact-specific," and finding that "it was premature to grant

dismissal prior to allowing discovery on plaintiffs'

insufficiently developed allegations regarding the relationship

between SKM and its [domestic] subsidiary").

The Court notes that discovery in this and the related

actions with respect to oil shipments has focused thus far on the

period from 1990-1996.  The period most relevant to an assessment

of SPDC's contacts with the United States, however, would include

the years immediately prior to 2004, when Plaintiffs filed the

Amended Complaint adding SPDC as a defendant.  Thus, Plaintiffs

are entitled to jurisdictional discovery concerning (1) SPDC's

shipments of crude oil to the U.S., and (2) SPDC's relationship

with SITCO (or any successor entity) during the period from 1996-

2004.

        b.    <u>SPDC's Other Alleged Contacts with the U.S.</u>

In addition to SPDC crude shipments and alleged sales in the United States, Plaintiffs also predicate general jurisdiction on: (1) a public relations campaign in the 1990s aimed at the United States, (2) recruiting of employees in the United States by an alleged "sister" company of SPDC, (3) SPDC employee visits to the United States, and (4) SPDC contracts with U.S.-based companies and receipt of funding from USAID.  In its March 4, 2008 Order, the Court found these remaining contacts to be too "sporadic and occasional," even when considered along with SPDC's shipment of oil to the U.S., to find continuous and systematic business contacts.  2008 WL 591869 at *7 (<u>citing</u> <u>Metropolitan Life</u>, 84 F.3d at 573).

On this motion, Plaintiffs do not cite new documents to support these jurisdictional allegations.[12]  Instead, Plaintiffs contend that further jurisdictional discovery is warranted, because discovery thus far has not focused on the jurisdictional

---

[12] Plaintiffs do cite a newly produced document that they contend establishes that SPDC maintained a banking relationship with Morgan Stanley in the United States.  (D'Avino Decl. Ex. 6.) Although Plaintiffs' characterization appears to overstate the case, Plaintiffs are entitled to discovery concerning SPDC's banking contacts, if any, in the United States during the period 2000-2004, for the reasons discussed above.

question, or the most immediate 2000-2004 time period.[13]

Although admittedly a close question, the Court concludes that

Plaintiffs should have the opportunity to engage in limited

discovery on these allegations.

The Court is required to assess the defendant's contacts

with the forum as a whole to determine whether they satisfy the

requirements of due process.  See Metropolitan Life, 84 F.3d at

573.  At this stage, Plaintiffs have made a sufficient "threshold

showing" that these other contacts with the United States -

considered in the aggregate and in conjunction with SPDC's oil

business - may provide "some basis for the assertion of

jurisdiction," such that further development with respect to

these other contacts during the period 2000-2004 is appropriate.

...

The Court notes that, although discovery on the

jurisdictional question may not be complete, there has been

extensive discovery in this and the related actions spanning more

than a decade.  Accordingly, the Court believes discovery on the

issues identified herein can be conducted within the time-frame

prescribed below, which will allow the Court to turn to the

question of personal jurisdiction over SPDC in a timely manner.

---

[13] In their motion, Plaintiffs limit their request for
jurisdictional discovery to this time period.

18

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiffs' motion for reconsideration.  (D.E. 273.)  On reconsideration, the Court denies without prejudice Defendant's motion to dismiss, with leave to re-file after the conclusion of further jurisdictional discovery.  The Court sets the following schedule: (1) jurisdictional discovery to be completed by January 8, 2010; and (2) any renewed motion to dismiss by SPDC for lack of personal jurisdiction to be submitted by January 15, 2010; Plaintiffs' opposition to be submitted by January 29, 2010: any reply by SPDC to be submitted by February 5, 2010.

SO ORDERED.

Dated:   New York, New York
         November 13 , 2009

                                        _Kimba M. Wood_
                                        Kimba M. Wood
                                   United States District Judge