```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ESTHER KIOBEL, et al.,               :
                  Plaintiffs,        :   02 Civ. 7618 (KMW) (HBP)
         -against-                   :           ORDER
ROYAL DUTCH PETROLEUM COMPANY,       :
et al.,
                                     :
                  Defendants.
                                     :
------------------------------------X
```
WOOD, U.S.D.J.:

There are two motions currently before the Court. Defendants in the above-captioned action renew their motion for Rule 26(g)(3) sanctions, based on Plaintiffs' counsel's alleged failure to make a reasonable inquiry into the basis for Plaintiffs' responses to Defendants' first set of interrogatories. Defendants also move to compel Plaintiffs' compliance with the Court's June 25, 2009 Order ("June 25 Order"), which directed Plaintiffs to respond to certain aspects of Defendants' second set of interrogatories.[1] Kiobel v. Royal Dutch Petroleum Co., No. 02 Civ. 7618, 2009 WL 1810104, at *6 (S.D.N.Y. June 25, 2009).

---

[1] The facts and procedural history of this case are set forth in the Court's prior orders, familiarity with which is assumed.

1

For the reasons discussed below, the Court DENIES Defendants' motion for sanctions (D.E. 286), and DENIES Defendants' motion to compel (D.E. 292).

I.   Renewed Motion for Rule 26(g)(3) Sanctions

   A.   Background

Defendants' first set of interrogatories sought information regarding individuals with personal knowledge of Plaintiffs' allegations of various alleged human rights abuses in Nigeria. Plaintiffs' submitted initial and then revised interrogatory responses. At a February 10, 2004 conference, Magistrate Judge Pitman deemed Plaintiffs' revised responses sufficient. (Conf. Tr. 117:5-118:10; Feb. 10, 2004.) At the conference, Plaintiffs' counsel also stated that they, rather than Plaintiffs themselves, investigated the case and identified the witnesses listed in Plaintiffs' revised interrogatory responses. (Id. at 37:15-19.)

Following the conference, Defendants deposed several of the individuals identified as having personal knowledge of Plaintiffs' allegations. According to Defendants, these depositions revealed that at least two of the deponents lacked personal knowledge of certain events that Plaintiffs' revised interrogatory responses claimed they had, and that at least three of the deponents first spoke with Plaintiffs' attorneys after Plaintiffs filed interrogatory responses describing those

deponents' personal knowledge.

Defendants moved to sanction Plaintiffs, claiming that Plaintiffs' counsel's certification of Plaintiffs' revised interrogatory responses violated Rule 26(g).  In its June 25 Order, the Court denied Defendants' motion without prejudice.  The Court stated that it required more information to determine whether Plaintiffs' counsel's certification warranted sanctions under Rule 26(g)(3).  The Court ordered Plaintiffs to submit an affidavit "summarizing when and how Plaintiffs and/or their attorneys gathered the information provided in Plaintiffs' revised interrogatory responses."  The Court noted that:

> To the extent that Plaintiffs filed revised interrogotary responses stating the extent of an individual's personal knowledge when Plaintiff's counsel <u>had not yet communicated with that individual about the substance of his personal knowledge</u>, any reasonable inquiry by Plaintiffs' counsel should have alerted Plaintiffs' counsel to the fact that Plaintiffs' revised interrogatory responses were unreasonable.  If so, Plaintiffs' counsel's certification of the interrogatory responses would violate Rule 26(g)(3).

2009 WL 1810104, at *3 (emphasis added).  On July 31, 2009, Plaintiffs submitted to the Court for its <u>in</u> <u>camera</u> review declarations of Stephen A. Whinston, Esq., and Mr. Anselm John-Miller.  Plaintiffs also submitted to Defendants redacted versions of these declarations, as permitted by the Court's June 25 Order.  On August 14, 2009, Defendants renewed their motion

for Rule 26(g)(3) sanctions.

    B.    <u>Discussion</u>

        1.    <u>Legal Standard</u>

Rule 26(g)(1) requires that "[e]very disclosure . . . and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name." Fed. R. Civ. P. 26(g)(1). By signing a response to a discovery request, an attorney certifies that to the best of his "knowledge, information, and belief formed after a reasonable inquiry," the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case. <u>Id.</u>

An attorney's inquiry satisfies Rule 26(g) if it was objectively reasonable under the circumstances. Fed. R. Civ. P. 26(g) advisory committee's note. In making this inquiry, an attorney may rely, when appropriate, on representations by his client or communications with other counsel involved in the case. <u>See id.</u> Rule 26(g), however, "does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request." <u>Id.</u>

Pursuant to Rule 26(g)(3), if an attorney's certification violates Rule 26 without substantial justification, sanctions are mandatory. Rule 26(g), however, leaves the nature of the sanction to the court's discretion. Fed. R. Civ. P. 26(g) advisory committee's note.

2.  Application

The July 31, 2009 declarations submitted by Plaintiffs' counsel clarified that they or Mr. Anselm John-Miller, an investigator and former plaintiff in this case, communicated with each of the 18 individuals identified as having personal knowledge prior to certifying Plaintiffs' revised interrogatory responses. Plaintiffs' counsel indicated that, with respect to those individuals with whom they had not had any contact prior to making their Rule 26(g) certification, they relied on information contained in a report submitted to them by Mr. John-Miller. This report was based in large part on Mr. John-Miller's September/October 2003 investigation in the Niger Delta region.[2] Plaintiffs' counsel reviewed this report and had additional

---

[2] Plaintiffs' counsel provided a redacted version of this report, as well as an internal memorandum summarizing various sources of each individual's personal knowledge, to Defendants, asserting that each was protected by both the attorney-client privilege and the work product doctrine. The Court has reviewed unredacted versions of the report and the memorandum in camera.

5

conversations with Mr. John-Miller regarding its contents.[3]

The Court finds that Plaintiffs' counsel's inquiry was reasonable under the circumstances, and that Plaintiffs' counsel's certification, therefore, does not warrant Rule 26(g)(3) sanctions.  First, the Court believes it was appropriate in this case for Plaintiffs' counsel to rely on the report provided by their investigator - who was familiar with the Niger Delta region and spoke the witnesses' language - in compiling Plaintiffs' revised interrogatory responses.  The use of an investigator to assist attorneys in the preparation of discovery and trial materials is well-established,[4] see United States v. Noble, 422 U.S. 225, 238-39 (1975), and would seem particularly appropriate in light of the obvious travel and communication barriers present in this case.

Second, Defendants argue that the fact that several

---

[3] Plaintiffs' counsel also traveled to Nigeria to interview several of the witnesses, some weeks after the submission of the revised interrogatory responses.  Plaintiffs' counsel contend that these interviews confirmed the previously disclosed information.  Because these interviews occurred after the submission of the revised interrogatory responses, the Court does not find their details relevant, either way, to the reasonableness of the Plaintiffs' counsel's inquiry.

[4] The Court notes that, at the time of his investigation, Mr. John-Miller was also a Plaintiff in this case.  Plaintiffs indicate that in December 2003 his role shifted to solely that of an investigator, and that Mr. John-Miller chose not to continue as a Plaintiff when the Amended Complaint was filed.

witnesses ultimately testified that they lacked personal knowledge of certain allegations that Plaintiffs' interrogatory responses identified them as having, evidences the unreasonableness of Plaintiffs' counsel's investigation. The mere fact, however, that the deponents' testimony did not mirror Plaintiffs' interrogatory responses does not demonstrate that that inquiry was unreasonable. In making a Rule 26(g) certification, counsel is not certifying the truthfulness of the responses contained therein. Fed. R. Civ. P. 26(g) advisory committee's note.

The Court thus denies Defendants' renewed motion for Rule 26(g)(3) sanctions.

## II. Motion to Compel Compliance with Court's June 25 Order

### A. Background

On April 28, 2004, Defendants filed a second set of interrogatories. This set of interrogatories asked Plaintiffs to provide, among other things, (1) Plaintiffs' counsel's sources for each of 193 statements made in Plaintiffs' revised interrogatory responses, and any documents related to these statements (Defendants' "personal knowledge interrogatory"); and (2) information concerning whether any plaintiff or individual identified in response to Defendants' personal knowledge interrogatory had ever received, or expected to receive, any

payment from Plaintiffs' counsel (Defendants' "witness payment interrogatory").[5]

In its June 25 Order, the Court struck Defendants' personal knowledge interrogatory as unduly burdensome. The Court also <u>sua sponte</u> limited Defendants' witness payment interrogatory pursuant to Rule 26(b)(2)(c). Specifically, the Court found that Defendants had "ample opportunity" to obtain information regarding payments to certain witnesses who Plaintiffs or Plaintiffs' counsel were housing in Benin (the "Benin witnesses") through document production and Defendants' deposition of these witnesses. The Court concluded that the information sought in Defendants' interrogatory regarding any payments to the Benin witnesses would be unreasonably duplicative.

With respect to information regarding payments to witnesses <u>other than the Benin witnesses</u>, the Court limited Defendants' interrogatory to information about payments that Plaintiffs or Plaintiffs' counsel <u>actually offered</u> to any of these witnesses,[6] and ordered Plaintiffs to respond as follows:

---

[5] The Court's June 25 Order provides greater detail with respect to the information sought by Plaintiffs' second set of interrogatories. 2009 WL 1810104, at *4.

[6] As written, Defendants' witness payment interrogatory required Plaintiffs to identify all individuals who "expected to receive" any payment from Plaintiffs' counsel, whether or not any offer of payment was made. The Court found this request speculative and unnecessary. See <u>Kiobel</u>, 2009 WL 1810104, *6.

8

> To the extent that any such offers of payments were made, Plaintiffs shall provide to Defendants, for each offer of payment made, (1) the identity of the person to whom the offer of payment was made; (2) the amount of payment that was offered; (3) the purpose(s) of the payment that was offered; (4) the date(s) on which those payments were offered; and (5) to the extent that any offered payment was paid to a witness, (a) the amount, and (b) the date(s), of the payment to the witness.

2009 WL 1810104, at *6. The Court also clarified that Plaintiffs' response should include information regarding payments to witnesses <u>working for</u> Plaintiffs or Plaintiffs' counsel, insofar as those offers were made at Plaintiffs' or Plaintiffs' counsel's behest. <u>Id.</u> at *6 n.15.

On July 31, 2009, Plaintiffs responded to Defendants' witness payment interrogatory as limited by the Court. Plaintiffs' response stated in part that:

> No offers of payment have been made to any witness for testimony in this litigation by Plaintiffs, Plaintiffs' counsel or by any individual working for either Plaintiffs or Plaintiffs' counsel. Plaintiffs' counsel did pay reasonable transportation, lodging and food expenses for several . . . witnesses to attend depositions noticed by Defendants . . . [and] for deposition preparation . . . . A review of our records indicated that a single witness, Mr. Nayoone Nkpah, received reasonable reimbursement in the amount of $238.40 for lost wages and missed work in order to attend his deposition.
>
> As a general practice, counsel paid for air transportation and lodging by direct payment to the airline and hotel. . . .

B.  <u>Discussion</u>

Defendants argue that Plaintiffs' response is inadequate

9

because Plaintiffs improperly limit the scope of their denial to payments made "<u>for</u> testimony" and do not identify, with any specificity, those payments made to witnesses to reimburse them for travel and other expenses.  Defendants' therefore move to compel "Plaintiffs' compliance with the Court's June 25 Order."

Plaintiffs, in their opposition to Defendants' motion to compel, reiterate that no offers of or actual payments were made to any witnesses for their testimony, except insofar as they were limited to reasonable transportation, lodging, and food expenses. Plaintiffs clarify that they did not construe the Court's Order as requiring identification of payments made directly to vendors, and that in 2004, one non-Benin witness, Mr. Nkpah, received a reimbursement payment directly from counsel for a hotel bill in the amount of $388.95.  Plaintiffs also clarify that they did not construe the Court's June 25 Order as covering payments and/or reimbursements to Plaintiffs themselves, or Plaintiffs' investigators.

The Court concludes that Plaintiffs' response, as supplemented by the clarifications found in their opposition papers,[7] is sufficient to comply with the Court's Order.  First,

---

[7] Plaintiffs also clarify in their response that their production of NUOS documents, which were the subject of the Court's February 15, 2009 Order, is complete, and that there are "no responsive NUOS payments to report pursuant to the June 25 Order."  (Pls. Mem. at 10.)

the Court's Order did not require Plaintiffs to provide Defendants with the date and amount of all reimbursements paid directly to vendors during this litigation. Such an accounting would be, in the Court's view, unduly burdensome, and would appear to have little bearing on the relevant issues in this case. See Fed. R. Civ. P. 26(b)(2)(c). Second, in limiting Defendants' interrogatory to offers of payments to "non-Benin witnesses," the Court's Order addressed only third-party witnesses. It did not require Plaintiffs to identify reimbursements made by counsel to Plaintiffs or Plaintiffs' investigators for litigation-related expenses throughout the course of this litigation. As with the Benin witnesses, Defendants have already had the opportunity to obtain information concerning relevant payments through depositions of Plaintiffs, and Plaintiffs' investigator, Mr. John-Miller.

The Court thus denies Defendants' motion to compel compliance with the Court's June 25 Order.

III. Documents to be Filed Under Seal

The Court now addresses Plaintiffs' request that certain documents be filed under seal in this case.

On September 15, 2009, the Court issued an Order directing Plaintiffs to show cause why certain exhibits Defendants submitted in support of their Motion to Compel (the "Confidential

Exhibits") should be filed under seal.  The Confidential Exhibits are memoranda of law Defendants submitted to the Court in camera in connection with motions in limine filed in the related, and now settled, Wiwa actions.  The Court stated that: "The Court will not keep any document under seal unless plaintiff's counsel shows good cause, by September 22, 2009, that specific material should be maintained under seal."

The Court finds that Plaintiffs' counsel have not shown good cause why specific material in the Confidential Exhibits should be kept under seal.  In response to the Court's Order, Plaintiffs identify only general allegations of impropriety made against Plaintiffs' counsel by Defendants in connection with alleged payments made to certain of the Benin witnesses.  These allegations are largely already part of the public record in this case.  See, e.g., Kiobel v. Royal Dutch Petroleum Co., 2006 WL 2850252, *10 (S.D.N.Y. Sept. 29, 2006) (Pitman, M.J.).[8]

The Court thus grants Defendants' request to file their

---

[8] Plaintiffs also request that these Confidential Exhibits be stricken from the record as irrelevant and prejudicial. Because the Court has already had the opportunity to consider the relevance, if any, of these exhibits in deciding Defendants' motion to compel, the Court believes that acting on Plaintiffs' request at this point is unnecessary.  Therefore, Plaintiffs' request is denied.

complete motion papers publicly via ECF.[9]

IV. Conclusion

For the reasons stated above, the Court DENIES Defendants' motion for sanctions (D.E. 286), and DENIES Defendants' motion to compel (D.E. 292). The Court also GRANTS Defendants' request to file their complete motion papers publicly via ECF.

SO ORDERED.

Dated:   New York, New York
         ~~December~~ November 30, 2009

                                    _____
                                    Kimba M. Wood
                                    United States District Judge

---

[9] Plaintiffs have submitted their memoranda and supporting exhibits in connection with the order to show cause only to chambers, and have not filed them with the Clerk's Office. Plaintiffs shall also file their memoranda publicly via ECF.